## MATSON v. HATTON. (No. 8028.)

Court of Civil Appeals of Texas. San Antonio.
June 13, 1928.

Rehearing Denied July 2, 1928.

Appeal and error ⬥1067—Refusing requested charge, if error, held harmless, where charges given represented only issues under evidence that were material to find.

Refusing requested charge on whether plaintiff delivered money to defendant to be held in trust by him for use and benefit of plaintiff as beneficiary of fund, subject to be returned to plaintiff on his demand, if error, held harmless, where charges regarding whether plaintiff delivered sum to defendant, and whether defendant converted such sum to his own use, represented only issues under evidence that were material to find.

Appeal from Val Verde County Court; W. F. Littleton, Judge.

Action by E. A. Hatton against S. L. Matson, in which defendant filed cross-action. From a judgment for plaintiff, defendant appeals. Affirmed.

Robert M. Lyles, of Austin, for appellant.

Boggess & LaCrosse, of Del Rio (Grady Lowrey, of Del Rio, on the brief), for appellee.

COBBS, J. Appellee, E. A. Hatton, sued S. L. Matson and the Griffith Lumber Company, alleging:

"That about June 23, 1927, plaintiff, through his attorney, Walter F. Jones, turned over to defendant the Griffith Lumber Company and S. L. Matson the sum of $300, to be held in trust by them for the use and benefit of plaintiff as beneficiary of said fund, and subject to be returned to plaintiff upon his demand therefor. That thereafter, on or about June 24, 1927, he made demand of said defendant for the return of said $300, but that they refused to return same, but converted same to their own use.

"That in the alternative, and if mistaken in his allegation that the Griffith Lumber Company converted said money, the defendant S. L. Matson converted said money to his own use and benefit; and prayed for judgment against appellant and the Griffith Lumber Company jointly and severally in the sum of $300."

The defendants filed separate answers, the Griffith Lumber Company, relying on a plea of ultra vires, and general special denial was dismissed from the suit at the conclusion of the evidence.

Appellant filed a general demurrer, a general denial, and a cross-action against appellee, which cross-action was abandoned by failure to offer any proof or to request any issues with respect thereto.

The case was tried with a jury, and, after hearing the evidence, and after refusing requests for an instructed verdict, the court submitted the case to the jury upon two special issues, as follows:

"First. Did plaintiff, E. A. Hatton, in person or through his agent, Walter F. Jones, deliver to defendant S. L. Matson the sum of $300? Answer: Yes.

"Second. If you have answered the foregoing special issue 'Yes,' Did the defendant S. L. Matson convert said $300 to his own use? Answer: Yes."

Thereupon the court rendered judgment in favor of appellee and against appellant for the sum of $300.

We think the charges represented the only issues under the evidence that were material to find, and it was, as apparent on its face, harmless error, if error at all, to refuse the appellant's requested charge:

"Did the plaintiff, E. A. Hatton, through his attorney, Walter F. Jones, deliver to the defendant S. L. Matson the sum of $300 to be held in trust by him for the use and benefit of plaintiff

as beneficiary of said fund, subject to be returned to plaintiff on his demand therefor?"

The facts supported the findings.

This case has been fairly tried, and no material or reversible error is shown. It is apparent that substantial justice has been done, and the judgment is affirmed.